Carolyn L. Rohrbach, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Terry L. Parish, Murphy & Parish, P.C.,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 24, 1982:
Carolyn L. Rohrbach (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which found her ineligible for compensation benefits under Section 401(c) of the Unemployment Compensation Law (Law)[1] and or-

------

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(c). Section 401(c) provides as follows:

> Compensation shall be payable to any employe who is or becomes unemployed; and who—

dered recoupment of a fault overpayment under Section 804(a) of the Law, 43 P.S. §874(a), for compensation received for weeks during which Claimant failed to report earnings. We affirm.

Claimant first argues that the referee failed to comply with the provisions of 34 Pa. Code §101.21(a) and, in particular, that portion of the rule which requires that the tribunal give a claimant "every assistance compatible with the impartial discharge of its official duties." It is clear that the referee here advised Claimant of her rights as required by our decision in *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981).[2] Claimant nevertheless argues that the referee's failure to advise her as to the hearsay nature of certain evidence introduced into the record without objection constitutes a breach of the referee's duty under 34 Pa. Code §101.21(a). We disagree. A referee is not required to advise a claimant on specific evidentiary questions or points of law. *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981).

Turning to the merits of the appeal, Claimant concedes that she failed to report wages earned while working part-time as a waitress. Claimant argues that she was under the impression that earnings which did not exceed her partial benefit credit need not be reported. Claimant also testified, however, that she

----

....

(c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department.

[2] In *Katz* we held that an uncounseled claimant must be advised "of her right to have counsel, to cross-examine adverse witnesses and to offer witnesses in her behalf." *Id.* at 429, 430 A.2d at 354.

had received an information booklet from the unemployment compensation authorities and that she had read the booklet. The Board concluded that having read the booklet, Claimant should have known that she was required to report all wages earned during each claim filing period. The Board, accordingly, found that Claimant was not misinformed by the Office of Employment Security as to her duty to report earnings.

We think the Board's findings are adequate to support the legal conclusion that Claimant violated the requirements of Section 401(c)[3] of the Law and that the unemployment compensation benefits paid to Claimant constitute a fault overpayment under Section 804(a) of the Law. We have previously held that a claimant is disqualified from receiving unemployment compensation benefits for those weeks in which she fails to report earnings. *Summers v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 146, 430 A.2d 1046 (1981). Moreover, a fault overpayment is established where the overpayment is due to an act of the recipient to which blame, impropriety, shortcoming, censure or culpability attaches. *Patrick v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979). Having received and read the information booklet, we think that Claimant's failure to report her earnings constitutes "fault" within the meaning of Section 804(a). *See Lynn v. Unemployment Compensation*

---

[3] Although the referee held that Claimant violated Section 401(*b*) of the Law, rather than Section 401(*c*) as found by the Board, we think the Board committed no error in assigning a different legal ground for its finding of disqualification since the underlying *issue*, to wit, the effect of Claimant's failure to report earnings, was the same before both the referee and the Board. *See Libonate v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 422, 426 A.2d 247 (1981).

*Board of Review*, 40 Pa. Commonwealth Ct. 75, 396 A.2d 500 (1979).

Order affirmed.

ORDER

It is ordered that the order of the Unemployment Compensation Board of Review, Decision No. B-197-188, dated July 14, 1981, is hereby affirmed.