Frances B. Schaeffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Frances B. Schaeffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Frances B. Schaeffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Mervin A. Heller, Jr., Baskin, Mendelsohn and Leisawitz,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, October 19, 1983:

The present petition for review involves the consolidation of three separate appeals by the claimant, Frances B. Schaeffer, from decisions of the Unemployment Compensation Board of Review (Board) denying her compensation under Section 401(b) of the

Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §801(b), and ordering recoupment of fault overpayments pursuant to Section 804(e) of the Law, 43 P.S. §874(a), for the years 1978, 1979 and 1980.

In September, 1980, the Office of Employment Security (OES) conducted an audit of the claimant and determined that for the years 1978, 1979 and 1980, while the claimant was receiving benefits as a result of her separation from her full-time employment, she had failed to report her part-time earnings to the OES. Accordingly, the OES found that the claimant was in violation of Section 401(b) of the Law, issued Determination of Overpayments for Benefits for each of the three years, and required that the benefits received by the claimant be recouped as fault overpayments pursuant to Section 804(a) of the Law.

For the years in question, the claimant was entitled to receive the following maximum amounts, weekly benefits and partial benefit credits.[1]

| | *Maximum* | *Weekly Benefits* | *Partial Benefit Credit* |
|------|-----------|-------------------|--------------------------|
| 1978 | $4,290 | $143 | $58 |
| 1979 | 4,290 | 143 | 58 |
| 1980 | 4,860 | 162 | 65 |

For the years 1978 and 1979 combined, the claimant received benefits for approximately thirty-nine claim weeks, but only exceeded her partial benefits

---

[1] Section 4(u) of the Law, 43 P.S. §753(u), states in part that an individual shall be deemed unemployed with respect to any week of less than full-time work if such remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit. If a claimant's benefits are to be affected by part-time earnings, the part-time earnings must exceed the partial benefit credit allowed the claimant. *See McGuire v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 588, 360 A.2d 315 (1976).

credit in seven of these. For the year 1980, however, the claimant received benefits for approximately twenty-nine claim weeks, but exceeded her partial benefit credit in all but four of them. The amount of fault overpayments assessed by the OES was $10,-684; the total amount of benefits received by the claimant for the years in question. The claimant appealed to a referee and the Board, which affirmed the OES's determinations. The claimant now appeals to this Court contending that it was error to assess fault overpayments since she was unaware of her obligation to report part-time earnings.

Upon a careful review of the record in this case, we conclude that the Board's finding that the claimant was aware of her duty to report part-time earnings is supported by substantial evidence.[2] Therefore, any compensation received by the claimant that she was not entitled to receive as a result of her not reporting her part-time earnings were properly treated as fault overpayments under Section 804(a) of the Law. We must disagree, however, with the Board's determination as to the amounts that may be recouped as fault overpayments under Section 804(a).

Initially, we find that it was improper for the Board to charge the claimant with violating Section 401(b) of the Law. Section 401(b) provides in part that:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>
> . . . .

---

[2] The claimant testified that upon applying for benefits she signed a statement which said that she read and understood the OES information booklet which explained the partial benefit credit. The claimant also testified that in prior years in which she applied for benefits she had always presented her part-time earnings stubs to the OES, but stopped doing so since the OES appeared not to do anything with them.

(b) Has registered for work at, and thereafter continued to report to an employment office in accordance with such regulations as the secretary may prescribe. . . .

Nowhere in the Board's decision or in any of the proceedings below, has the claimant been charged with violating any rules or regulations of the department. Nor are we able to find any such violations. The regulations accompanying Section 401(b), 65 Pa. Code §§65.11-65.15, establish that the registration and reporting requirements of 401(b) refer to the periodic appearances which all claimants must make at their public employment offices. If what the OES intended, and what they should have done, was to charge the claimant with failing to disclose information to obtain or increase compensation, then the appropriate section of the Law under which she should have been charged is Section 801(b), 43 P.S. §871(b), which provides in part:

Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation . . . may be disqualified in addition to such weeks or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment. . . .

Under Section 801(b), however, the fact stated or not disclosed must be *material* to the obtaining of increased compensation. For a fact to be material, it must be one which would necessarily affect a claimant's rate of compensation. *Cf. Unemployment Compensation Board of Review v. Dixon,* 27 Pa. Commonwealth Ct. 8, 365 A.2d 668 (1976) (where this Court stated that for false information on an employment

application to constitute willful misconduct it must concern matters material to the employment sought in order to disqualify a person from unemployment benefits). If the fact not disclosed would not affect a claimant's rate of compensation, then a violation of 801(b) cannot be found. In the present case, there were a significant number of claim weeks[3] in which the claimant received compensation where the disclosure of her part-time earnings would not have affected her rate of compensation. For those weeks, we cannot conclude that the claimant was in violation of Section 801(b). For the weeks in which the claimant's part-time earnings exceeded her partial benefit credit, however, she can be faulted under 801(b), since she knowingly withheld information regarding her part-time earnings which information would have affected her rate of compensation. Accordingly, for those weeks in which the claimant was in violation of 801(b), the claimant *could have been* disqualified for the weeks of compensation in which her part-time earnings exceeded her partial benefit credit, and additionally, made to suffer a penalty of two weeks compensation and/or one week of compensation for each week where she failed to disclose a material fact. Although the claimant can be made to suffer penalties under 801(b), we have avoided the harsh and absurd result of forcing the claimant to forfeit her entire benefits, when it is clear, that notwithstanding her omissions, she was for a significant number of claim weeks eligible for the benefits she received. The

---

[3] It is well established law in this state that each unemployment compensation week stands on a separate and individual basis. *Riff v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 218, 414 A.2d 155 (1980), and *Stryker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 429, 322 A.2d 737 (1974).

Unemployment Compensation Law is remedial legislation whose provisions should be broadly and liberally construed so that workers unemployed through no fault of their own are provided with some means of economic security. *All Steel, Inc. v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 552, 411 A.2d 884 (1980).

Having decided that the claimant is at fault for some, but not all, weeks of compensation, we must also review the Board's determinations as to the amounts which may be recouped as fault overpayments under Section 804(a) of the Law. Section 804(a) states in part that any "person who by reason of his fault received any sum as compensation . . . to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund . . . a sum equal to the amount so received by him." Since we have already determined that the claimant can only be faulted for those weeks in which her part-time earnings exceeded her partial benefit credit, we likewise must hold that fault overpayments under 804(a) must be limited to those claim weeks as well. Of course, the amounts recoupable under 804(a) do not include any of the additional penalties which may be imposed under 801(b), but must be limited to the compensation paid to the claimant for those claim weeks in which she can be faulted.

We are mindful that our decision in the present case is in part based upon Section 804(a) of the Law which the claimant was not charged under. Ordinarily, we would remand so that the claimant can have an opportunity to be heard and present evidence on the issue upon which the case is to be decided. *McDermott v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 375, 427 A.2d 785 (1981). Here, however, we do not think

that the claimant would be prejudiced without another hearing since the crucial determination under 801(b) (the section under which the claimant should have been charged), involves substantially the same finding which was made by the Board under 804(a); that being whether or not the claimant knowingly failed to report her part-time earnings. In that the referee and the Board have already found that the claimant knowingly withheld information which she had a duty to report, an additional hearing to present the same evidence already presented would be futile. *Id;* 34 Pa. Code §101.107. Accordingly, we will reverse the Board's decisions in each of the claimant's appeals and remand only so that the Board may impose those penalties as it sees fit in accordance with the foregoing opinion.

## ORDER IN 2045 C.D. 1981

AND Now, this 19th day of October, 1983, the decision of the Unemployment Compensation Board of Review, dated July 20, 1981, No. B-197445, is hereby reversed and remanded to determine those benefits to which the claimant, Frances B. Schaeffer, is entitled, and what penalties should be imposed, in accordance with our decision in this case. Jurisdiction relinquished.

## ORDER IN 2046 C.D. 1981

AND Now, this 19th day of October, 1983, the decision of the Unemployment Compensation Board of Review, dated July 20, 1981, No. B-197446, is hereby reversed and remanded to determine those benefits to which the claimant, Frances B. Schaeffer, is entitled, and what penalties should be imposed, in accordance with our decision in this case. Jurisdiction relinquished.

642

ORDER IN 2047 C.D. 1981

AND Now, this 19th day of October, 1983, the decision of the Unemployment Compensation Board of Review, dated July 20, 1981, No. B-197447, is hereby reversed and remanded to determine those benefits to which the claimant, Frances B. Schaeffer, is entitled, and what penalties should be imposed in accordance with our decision in this case. Jurisdiction relinquished.