George Gordon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 7, 1983, to Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*George Gordon,* petitioner, for himself.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 6, 1984:

George S. Gordon (Petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board) which found him ineligible for compensation benefits and ordered recoupment of a fault overpayment.

Petitioner was dismissed from his position as an attorney for the Amteree Management Corporation and received $170 per week unemployment compensation for a period of five weeks. Throughout this period, Petitioner continued his employment as a part-time teacher for his synagogue where he was paid on a monthly basis. Petitioner failed to report these wages to the Office of Employment Security (OES), however, because he had not received a wage *payment* during the weeks in which he collected unemployment compensation. Upon learning of this fact, the OES

disqualified Petitioner from receiving further benefits for failure to report wages. On appeal, the Board held that Petitioner was ineligible to receive benefits under Section 401(c) of the Unemployment Compensation Law[1] (Law) and ordered recoupment of $850 as a fault overpayment under Section 804(a) of the Law.[2]

Petitioner concedes that he *earned* wages during the weeks he received compensation, but attempts to excuse his failure to report these wages by reference to language in the Pennsylvania Unemployment Compensation Handbook which states:

> In any event, it is important that you report *all* wages paid or payable to you regardless of whether or not these wages exceed your partial benefit credit. You may be disqualified for benefits if you fail to report *all* wages. (Emphasis in original.)

Petitioner argues that since he was paid on a monthly basis for his part-time work, he had no wages "paid or payable" to report during the claim weeks in question. Petitioner's reliance on this language in the Handbook to define the limits of his duty to report is unreasonable in light of other language in the Handbook which indicates that partial benefits shall be computed by deducting a portion of wages *earned* during a claim week. It is palpably inconsistent to argue that, while benefits must be reduced by a portion of weekly wages earned, the Claimant's duty is limited to reporting only those wages actually paid. Such a reading would effectively eliminate the OES's ability to determine a claimant's eligibility for, and

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(c).

[2] 43 P.S. §874(a).

amount of weekly compensation, and is obviously not intended.

This Court has held that a claimant shall be disqualified from receiving unemployment compensation for those weeks in which he fails to report earnings. *Rohrbach v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 172, 450 A.2d 323 (1982); *Summers v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 146, 430 A.2d 1046 (1981). In addition, the overpayment resulting from such failure to report shall constitute a fault overpayment under Section 804(a) of the Law where it is due to an act of the recipient to which blame, impropriety, shortcoming, censure or culpability attaches. *Rohrbach.* Because Petitioner's interpretation of his duties from his Handbook is unreasonable, his failure to report earnings constitutes such an act which justifies the finding of a fault overpayment. Therefore, the Board did not err in disqualifying the Petitioner from further benefits and in ordering recoupment of a fault overpayment.

Petitioner also argues that the Board erred in calculating the weekly wages from his part-time employment.[3] In view of our finding that Petitioner is ineligible from receiving benefits, however, such a calculation is not a necessary finding, and its accuracy need not be reviewed by this Court.[4]

For the foregoing reasons, the order of the Unemployment Compensation Board of Review is affirmed.

---

[3] The Board found Petitioner's weekly wage to be $174.82, which was one-fourth of his monthly wage of $699.30.

[4] Such a calculation would become relevant only if Petitioner were entitled to benefits and a portion of his weekly wages were to be deducted to determine the partial benefit rate. *See* Section 404(d) of the Law, 43 P.S. §804(d).

ORDER

Now, March 6, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-199392, dated September 15, 1981, is hereby affirmed.