Michael J. Colello, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1985, before President Judge CRUMLISH, JR. and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Thomas W. Kuster, Cusick, Madden, Joyce and McKay*, for petitioner.

*Charles G. Hasson*, Acting Deputy Chief Counsel, with him, *Michael D. Alsher*, Associate Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 20, 1985:

Michael J. Colello (claimant) petitions for review of the order of the Unemployment Compensation Board of Review (board) affirming a referee's decision and order, which invalidated his Application for Benefits, dated December 20, 1981, (AB), under the provisions of Sections 401(c) and 4(w)(1) of the Unemployment Compensation Law (Act).[1] The board found him to be ineligible for the benefits which he had received for the weeks ending December 26, 1981, through January 30, 1982; March 13, 1982, through May 29, 1982; June 12, 1982, through June 26, 1982; and August 7, 1982, through October 2, 1982, under Section 401(c) and also found him in receipt of a fault overpayment for such weeks in the amount of $5490.00 under Section 804(a)[2] of the Act.

The claimant had filed his AB after a qualifying separation from his full-time employer, Sharon Steel Corporation, on December 18, 1981. At some earlier time claimant had acquired a fifty percent ownership

---

[1] Act of December 5, 1936, Second Ex. Ses., P.L. (1937) 2897, *as amended*, 43 P.S. §§801(c) and 754(w)(1).

[2] 43 P.S. §874(a).

interest in a business known as the Royal Cafe (cafe). The remaining fifty percent is owned by another individual with whom claimant is a partner. Despite his ownership interest, claimant takes no active role in the operation of the cafe which is operated by a manager, the father of claimant's partner. As the referee specifically found, claimant is "in effect an absentee owner who only visits the cafe occasionally to socialize."

Acting on an anonymous tip received sometime after October 2, 1982, the Office of Employment Security (OES) conducted an investigation which revealed claimant's relationship to the cafe. In reviewing claimant's AB forms, OES discovered that he had not listed his ownership interest when he filed his AB[3] and that, when he filed mail claims for some of the weeks at issue, his response to several questions concerning possible self-employment was that he was not self-employed.[4] OES then determined that claimant had falsely filed his AB and his weekly claims and that, consequently, he had received benefits, through his fault, to which he was not entitled.[5]

---

[3] One of the forms claimant completed when filing his AB, an Eligibility Review Form, UC-452, contained the following:

> 7a. List any work which you are now doing in self-employment, on commission basis, in operating a farm, etc.:

His response was "NONE."

[4] The referee made no finding in this case that when filing weekly claims in person, claimant also withheld information of his relationship with the cafe; however, due to claimant's testimony regarding his understanding of his reporting obligations and the referee's blanket conclusion of law that claimant was ineligible for false reporting for all weeks at issue, the referee apparently inferred that claimant's in person reports also omitted this information. In light of the result we reach, we will not comment on the absence of such a finding.

[5] The referee also concluded that, under Section 402(h) of the Act, 43 P.S. §802(h), claimant could not be held to be ineligible for the weeks at issue for engaging in *self-employment* in such weeks. That conclusion was based on the referee's findings that claimant's

In stating the question involved in his brief, claimant asserts only that the record herein lacks substantial evidence to support the finding that he deliberately concealed self-employment so as to render his AB invalid. Of course, in so framing the issue, claimant has omitted reference to the denial of his weekly claims for benefits and the overpayment issue; however, inasmuch as we believe that the unreferenced issues are necessarily suggested[6] by the question as presented, we will consider each issue separately in the order logically required.[7]

Among other qualifications to secure compensation, Section 401(c) provides that

[c]ompensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

[h]as made a valid application for benefits with respect to the benefit year for which compensa-

passive involvement, as an absentee owner, constituted a continuation of participation like that undertaken during his previous full-time employment. Although not an issue for our review, we note that Section 402(h) was not one of the sections of the Act under which OES ruled, nor was it listed on the hearing notice as one of the issues to be considered at the hearing. Consequently, not having requested permission from the parties at the hearing to consider that issue, the referee's consideration of that issue was improper. *See Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978).

6 *See* Pa. R.A.P. 2116(a).

7 The burden of proving eligibility for unemployment compensation is on the claimant. *Ormiston v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 225, 427 A.2d 746 (1981). Where, as here, the decision below is against the burdened party, our scope of review is limited to a determination of whether the findings of fact are consistent with each other and the conclusions of law and whether the findings can be sustained without a capricious disregard of competent evidence. *Id.* Of course, errors of law are subject to our review. *James v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 428, 449 A.2d 791 (1982).

tion is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department.

Section 4(w)(1) defines a ''valid application for benefits'' as

An application for benefits on a form prescribed by the department, which is filed by an individual, as of a day not included in the benefit year previously established by such individual, who (1) has been separated from his work or who during the week commencing on the Sunday previous to such day has worked less than his full time due to lack of work and (2) is qualified under the provisions of section four hundred and one (a), (b) and (d).

The compensation authorities invalidated claimant's AB on the theory that he deliberately misinformed the OES as to self-employment when filing his application. There is no such ground for invalidity stated in Sections 401(c) or 4(w)(1); consequently, if an AB can be invalid for this reason, authority must be found in the other sub-sections of Section 401 referenced in Section 4(w)(1), that is, Sections 401(a), (b) and (d).

Section 401(a) of the Act[8] establishes the base year earnings test. Section 401(b)[9] sets up the precondition

---

[8] Section 401(a), 43 P.S. §801(a), provides that compensation shall be payable to any employee who is unemployed, and who

[h]as, within his base year, been paid wages for employment as required by section 404(c) of this Act: Provided, however, That not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year. (Footnote omitted.)

[9] Section 401(b), 43 P.S. §801(b), provides that compensation shall be payable to any employee who is unemployed, and who

[h]as registered for work at, and thereafter continued to report to an employment office in accordance with such

of an applicant being registered for work with the OES Job Service. Section 401(d)[10] provides the requirement that one seeking unemployment compensation be able to work and be available for suitable work. Clearly, none of these subsections addresses the withholding of material information in regard to the validity of an AB.

Therefore, the fact that claimant owned a percentage of a business which he did not report to the OES when filing his AB, even if such ownership can be considered to be a material fact, can be of *no* legal consequence with regard to the validity of that AB. Accordingly, it was error for the compensation authorities to invalidate his AB on such grounds. *See Penn*

---

regulations as the secretary may prescribe, except that the secretary may by regulation waive or alter either or both of the requirements of this clause as to individuals attached to regular jobs and as to such other types of cases or situations with respect to which he finds that compliance with such requirements would be oppressive or would be inconsistent with the purposes of the act: Provided, however, That no such regulation shall conflict with section four hundred and one (c) of this act.

[10] Section 401(d), 43 P.S. §801(d), provides that compensation shall be payable to any employee who is unemployed, and who

(1) Is able to work and available for suitable work: Provided, That no otherwise eligible claimant shall be denied benefits for any week because he is in training with the approval of the secretary nor shall such individual be denied benefits with respect to any week in which he is in training with the approval of the secretary by reason of the application of the provisions of this subsection relating to availability for work or the provisions of section 402(a) of this act relating to failure to apply for or a refusal to accept suitable work.

(2) No otherwise eligible claimant shall be denied benefits for any week in which his unemployment is due to exercising the option of accepting a layoff, from an available position. Pursuant to a labor-management contract, or pursuant to an established employer plan, program or policy. (Footnote omitted.)

*Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981) (given remedial purpose of Act, its benefit provisions are to be liberally and broadly interpreted, that is, an unemployed worker can be denied benefits only by explicit language in the Act which clearly and plainly excludes that worker).

The next issue is whether benefits for the claim weeks at issue were received as a result of claimant's concealment of his ownership interest in the cafe, in violation of Section 401(c) which requires that claims for compensation be made "in the proper manner and on the form prescribed by the department. . . ."

Claimant does not dispute the fact that he did not reveal his ownership interest in the cafe to the OES. He testified, however, that he believed that he was under no obligation to do so unless he actually performed work in the business within the meaning of Item 7a on the Eligibility Review Form. The referee found that he performed no work at the cafe. Had claimant been performing work in the business, rather than acting, in the words of the referee, as "an absentee owner," then we believe a deliberate concealment could result in the retroactive denial of his weekly claims.

In this respect the present case is distinguished from *Rohrbach v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 172, 450 A.2d 323 (1982). In *Rohrbach,* we affirmed a denial of benefits due to a failure to report *wages earned in part-time work as a waitress* while collecting benefits. Clearly, *Rohrbach* is inapposite to the present case.[11]

---

[11] *Rohrbach* may possibly be inconsistent with our subsequent holding in *Schaeffer v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 634, 467 A.2d 67 (1983). The facts of this case, however, do not permit us to resolve such conflict, if any.

Claimant's situation is analogous to the ownership of income producing property such as a leased parcel of land or interest producing certificates of deposit with a financial institution. Income derived from such sources would not be within the statutory or regulatory provisions relating to reporting requirements and reduction of the weekly benefit amount, which encompass only work related income.[12] *See, e.g.,* Section 404 of the Act[13] and 34 Pa. Code Sections 65.91 through 65.105. Consequently, the failure to report such income cannot support a denial of benefits.

We conclude, therefore, that the finding that claimant did not work at the cafe is inconsistent with the conclusion of law that his failure to reveal his ownership was a violation of his reporting requirements. Accordingly, it was error to deny benefits to claimant for the weeks at issue on the ground that he withheld material information from the OES when filing his claims for such weeks.

Finally, due to our foregoing determination that the board erred by invalidating claimant's AB and denying benefits in the claim weeks at issue for his failure to reveal his ownership in the cafe, it naturally follows that there can be no overpayment in this case.

Accordingly, we reverse.

### Order

Now, May 20, 1985, the order of the Unemployment Compensation Board of Review, Decision No. B-216919, is reversed.

---

[12] Under certain circumstances, some work-related income is not deductible from weekly benefits. In *Beistle Co. v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 205, 457 A.2d 1029 (1983), we held that bonus payments from the employer not paid with respect to the weeks in which they were received were properly excluded from calculations to determine eligibility for partial benefits.

[13] 43 P.S. §804.