Frank Duby, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

526

*John J. Regule, Regule & Regule,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, September 10, 1985:

This appeal results from an order of the Unemployment Compensation Board of Review (Board) which modified a referee's decision and held that while claimant Frank Duby was ineligible for benefits, the overpayments he had received were only subject to recoupment under the non-fault provisions of Section 804(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(b) (Supp. 1965-83).

Claimant was laid off by the Westinghouse Electric Corporation (Westinghouse) in October of 1981. Claimant, who had been employed at Westinghouse since 1966, was also the sole owner of Duby Pest Control and had been so since 1974. During 1981, claimant operated his business at a loss of almost $3,500.00. When claimant filed his application for benefits, he stated he was not self-employed. Claimant eventually collected $5,100 in regular benefits and $510.00 in extended benefits before the compensation authorities discovered appellant's business activities.

Following an investigation, the Office of Employment Security (OES) determined that claimant had been ineligible for benefits and ordered him to repay the monies received pursuant to the fault overpayment provisions of Section 804(a) of the Law. Claimant appealed to a referee and a hearing was held. Claimant testified that he did no work save paperwork for the pest control business, as he hired one person who worked approximately forty hours a month. As the business had been losing money since 1980, claimant did not report the self-employment activity, believing he was not required to do so as he had no earnings therefrom. The referee specifically found that "[d]espite his status as the owner of Duby Pest Control, the claimant is available for full-time employment." (Finding of Fact No. 10, Referee's Decision, Nov. 19, 1982.) Accordingly, the referee reasoned that claimant would not have been ineligible for benefits under Section 402(h) of the Law which relates to self-employment. Nonetheless, the referee held that claimant had filed an invalid application for benefits under Section 401(c) of the Law, which provides:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department.

43 P.S. §801. The referee, therefore, affirmed the determination of the OES.

On appeal by claimant, the Board, without taking additional testimony, made the following additional

finding of fact.[1] "The claimant did not intentionally conceal his self-employment in order to receive or increase the amount of benefits to which he was entitled." (Finding of Fact No. 12, Board's Decision, Feb. 1, 1983.) Section 4(w)(1) of the Law provides:

> A "Valid Application for Benefits" means an application for benefits on a form prescribed by the department which is filed by an individual, as of a day not included in the benefit year previously established by such individual who (1) has been separated from his work or who during the week commencing on the Sunday previous to such day has worked less than his full time due to lack of work and (2) is qualified under the provisions of section four hundred and one (a), (b) and (d).

43 P.S. §753(w)(1) (Supp. 1984-85) (footnote omitted). The Board reasoned that since Section 4(w)(1) of the Law does not provide for invalidation of an initial application for benefits for failure to disclose a material fact, the initial application was valid under Section 401(c). The Board went further, however, and held that failure to disclose the self-employment activities when claimant filed his weekly claims rendered him ineligible and subject to recoupment under Section 804(b) of the Law. We disagree.

We must initially note that we agree with the Board's conclusion that claimant's inadvertent omission of his self-employment activities on his original application does not render that application invalid.

---

[1] I still adhere to the view that the Board is powerless to make factual findings without taking additional testimony. *Wilson v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 91, 488 A.2d 664 (1985) (BARRY, J. dissenting). As no one has challenged the Board's action, this Court may not raise the issue sua sponte and is thereby bound by the factual findings.

We have held that a claimant was disqualified from receiving benefits under Section 401(c) where the claimant has withheld pertinent information from an application for benefits where such withholding was "due to an act of the recipient to which blame, impropriety, shortcoming, censure or culpability attaches," *Rohrbach v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 172, 175, 450 A.2d 323, 325 (1982), thereby requiring the claimant to *repay* benefits received because of a *fault overpayment*. *Accord Amspacher v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984); *Gordon v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 599, 471 A.2d 1343 (1984); *See also Heckman v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 558, 474 A.2d 73 (1984).

In *Hunt v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973), we discussed the meaning of "valid application for benefits."

> The Board interprets §4(w)(1) of the Law to require that any application must be in accordance with the provisions of §401(a), (b) and (d). Therefore, because the Board has determined that the claimant is disqualified under §401(d), her application is invalid in that her claim was not made 'in the proper manner and on the form prescribed by the department.' Presumably then, if the Board had found that the appellant was 'able and available for suitable work' as prescribed by §401 (d), her application would have been valid.

The flaw in this circular reasoning is readily apparent. It is proper that the Unemployment Compensation Law require an application for

compensation be in accordance with all its provisions, both substantive and procedural. But it is unrealistic for the Board to expect a claimant to foresee the Board's ultimate disposition of her claim and that in failing to do so she violates §401(c).

§401(c) is a procedural requirement calling for the use of proper forms when one applies for compensation. The Board's attempt to invest this section with substantive requirements is erroneous and is needless in arriving at a just adjudication.

*Id.* at 580-81, 302 A.2d at 868. Further, in *Colello v. Unemployment Compensation Board of Review,* 89 Pa. Commonwealth Ct. 354, 492 A.2d 769 (1985), we held that the failure to disclose material facts on an application for benefits had no legal consequence on the validity of that application because no section of the act specified that such failure to disclose rendered the application invalid.

Our research has revealed no cases where a claimant has been held to have filed an invalid application for benefits under Section 401(c) of the Law unless there was the additional conclusion that the claimant was liable to repay fault overpayments pursuant to Section 804(a). In light of *Hunt* and *Colello,* we must hold that claimant's initial application for benefits was valid.

Turning finally to the Board's conclusion that claimant was ineligible because of his failure to reveal the self-employment activity on his weekly claims, our same reasoning is again applicable. If an initial application is valid despite an inadvertent omission, a weekly claim for benefits is not rendered invalid where the omitted information is based on the same misunderstanding. In attempting to distinguish be-

tween an initial application and weekly claims, the Board reads into Section 401(c) of the Law something that our review of that Section convinces us is non-existent.

Reversed.

ORDER

Now, September 10, 1985, the February 1, 1983, orders of the Unemployment Compensation Board of Review at Nos. B-214283 and B-214284 are reversed.

Judge WILLIAMS, JR., did not participate in the decision in this case.