IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Snak,                              :
                    Petitioner           :
                                         :
        v.                               :    No. 1034 C.D. 2021
                                         :    Submitted:  June 10, 2022
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                  FILED:  August 5, 2022


        Jesse Snak (Claimant) petitions for review of the August 26, 2021 order of the

Unemployment Compensation Board of Review (Board) that affirmed the decision

of the referee and denied Claimant unemployment compensation (UC) benefits for

the week ending February 6, 2021, pursuant to Section 401(c) of the Unemployment

Compensation Law (Law),[1] under the second of his two UC benefit applications.  In

addition, the Board found that Claimant received a non-fault overpayment of $11,

which was subject to recoupment.  After careful review, we affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c).

## I. Background and Procedural History

Our review of the certified record reveals that the Scranton UC Service Center (Service Center) issued notices of determination to Claimant on March 5, 2021. The notices indicated that Claimant had filed an application for UC benefits, and that the Service Center deemed Claimant eligible for benefits with a benefit year of February 16, 2020, through February 13, 2021. Claimant's weekly benefit rate was $572. The notices indicated that Claimant later filed an additional application for UC benefits, and that the Service Center deemed Claimant eligible with a benefit year of February 14, 2021, through February 12, 2022. Claimant's new weekly benefit rate was $583.

Importantly, the notices of determination explained that a "system error" had caused the Department of Labor and Industry (Department) to pay Claimant's UC benefits for the week ending February 6, 2021, under the second of his UC benefit applications summarized above. Certified Record (C.R.), Item No. 2, Notices of Determination, 3/5/21. The notices stated, in relevant part, that Claimant erroneously received UC benefits "to which he/she was not entitled on the UC [application] with an effective date of 2/14/2021 . . . . The week[] ending 02/06/2021 . . . should have been applied to the initial [application] with an effective date of 02/16/2020." *Id.* (underlining omitted). The notices indicated that Claimant received a non-fault overpayment of $11 due to this error.

Claimant appealed to a UC referee who held a telephone hearing on April 28, 2021, in which Claimant participated *pro se* and was the sole witness to testify. The referee issued a decision on May 5, 2020. Like the Service Center, the referee found that Claimant had filed an application for UC benefits with an effective date of February 16, 2020, and that Claimant's "benefit year [was] valid from February 16, 2020 - February 13, 2021." C.R., Item No. 8, Referee's Decision/Order, 5/5/21. The

referee found that Claimant then filed a second application for UC benefits with an effective date of February 14, 2021, and a benefit year of February 14, 2021, through February 12, 2022. The referee explained that Claimant filed a claim for UC benefits for the week ending February 6, 2021, but that he received benefits under his second UC benefit application with a benefit year that did not begin until February 14, 2021. Because the week ending February 6, 2021, did not fall within the benefit year that began February 14, 2021, the referee affirmed the Service Center's determination as modified, explaining that UC benefits for the week ending February 6, 2021, "must be denied . . . . in respect to the application of February 14, 2021 . . . ." *Id.*

Claimant appealed to the Board, which issued an order on August 26, 2021. The Board affirmed the referee's decision as modified, adopting and incorporating the referee's conclusions with slight adjustments, and denied Claimant UC benefits for the week ending February 6, 2021, under his second UC benefit application. The Board reasoned, "[b]ecause . . . February 6, 2021, falls within the claimant's previous benefit year, there was not a valid application for compensation for that week during the claimant's current benefit year and benefits are denied under Section 401(c) of the . . . Law for that week." C.R., Item No. 10, Board's Order, 8/26/21. The Board added that the referee's decision did not address the non-fault overpayment indicated on the notices of determination. Accordingly, the Board clarified that Claimant "has a non-fault overpayment of $11 . . . which is subject to recoupment." *Id.*

Claimant retained counsel and now petitions for review of the Board's order.[2] Claimant challenges the Board's finding that he received an overpayment subject to recoupment. Claimant argues that he was entitled to UC benefits for the week ending

[2] Claimant also filed for reconsideration. The Board issued a reply on October 8, 2021, explaining that it deemed the reconsideration request denied because Claimant had filed a petition for review, and the 30-day appeal period had concluded.

February 6, 2021, and that it was only due to the Department's error that he received benefits under his second UC benefit application. Claimant's Br. at 10-13. Claimant argues that he "should not have to pay for the Department's error" and asks that this Court remove the overpayment. *Id.* at 10.

## II. Discussion

This Court reviews unemployment compensation orders for violations of the appellant's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. Generally, we also review whether substantial evidence supports the findings necessary to sustain a decision. *Id.* "A claimant has the burden of proving financial eligibility for UC benefits." *Clark v. Unemployment Comp. Bd. of Rev.*, 129 A.3d 1272, 1274 (Pa. Cmwlth. 2015) (quoting *Logan v. Unemployment Comp. Bd. of Rev.*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014)). Where the claimant had the burden of proof and was the only party to present evidence, as was the case here, we review whether the Board capriciously disregarded competent evidence. *Bennett v. Unemployment Comp. Bd. of Rev.*, 33 A.3d 133, 136 n.3 (Pa. Cmwlth. 2011) (citing *McKenna v. Unemployment Comp. Bd. of Rev.*, 981 A.2d 415, 417 n.4 (Pa. Cmwlth. 2009)).

The Board based its decision in this case on Section 401(c) of the Law, which provides that UC benefits will be payable to any employee who is or becomes unemployed and makes "a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment . . . ." 43 P.S. § 801(c). As noted above, the Board's order provides that, "[b]ecause the week at issue, February 6, 2021, falls within the claimant's current benefit year, there was not a valid application for compensation for that week during the claimant's current

4

benefit year . . . ." C.R., Item No. 10, Board's Order, 8/26/21. We are puzzled by the Board's statement, but it does not impact the outcome of the case. The Law defines a "valid application for benefits" as, in relevant part, "an application for benefits on a form prescribed by the [D]epartment, which is filed by an individual, as of a day not included in the benefit year previously established . . . ." Section 4(w)(1) of the Law, 43 P.S. § 753(w)(1). Further, the Law defines a "benefit year" as "the [52] consecutive week period beginning with the day as of which" a claimant files a valid application for benefits, "and thereafter the [52] consecutive week period beginning with the day as of which" a claimant next files a valid application for benefits after the termination of his or her last preceding benefit year. Section 4(b) of the Law, 43 P.S. § 753(b).

Claimant filed a valid application for benefits with the benefit year of February 16, 2020, through February 13, 2021, which included the week ending February 6, 2021. No one disputes that Claimant was eligible for UC benefits for the week ending February 6, 2021, under the first application. Most critically, our review of the record reveals no allegation that Claimant filed his claim for UC benefits for that week improperly or was somehow at fault for the Department paying the claim under his second benefit year, which began on February 14, 2021.[3] The record, therefore, does not support the conclusion that Claimant was noncompliant with Section 401(c) by failing to make "a valid application for benefits with respect to the benefit year for which compensation is claimed" or by failing to make "a claim for compensation in the proper manner and on the form prescribed by the

---

[3] An "application" for UC benefits is not the same thing as a "claim" for UC benefits. The pertinent regulations define an "application for benefits" as, in part, "[t]he initial request for unemployment compensation . . . preliminary to filing claims for compensation." 34 Pa. Code § 61.1. In contrast, a "claim for compensation" is "[a] request for waiting week credit or payment of compensation for a week when the claimant was unemployed . . . ." *Id.*

[D]epartment . . . ." 43 P.S. § 801(c). By all appearances, Claimant made a valid application for benefits as to the benefit year including the week ending February 6, 2021, and then properly filed a claim for benefits; the Department simply committed an error by attributing that claim to the wrong benefit year. *See Duby v. Unemployment Comp. Bd. of Rev.*, 497 A.2d 699, 702 (Pa. Cmwlth. 1985) (quoting *Hunt v. Unemployment Comp. Bd. of Rev.*, 302 A.2d 866, 868 (Pa. Cmwlth. 1973)) ("[Section] 401(c) is a procedural requirement calling for the use of proper forms when one applies for compensation. The Board's attempt to invest this section with substantive requirements is erroneous and is needless in arriving at a just adjudication.").

Any error in the Board's application of Section 401(c) is harmless, however, as the Board's order indicates that Claimant is subject to recoupment for only the difference between the UC benefits that he received for the week ending February 6, 2021, and the UC benefits that he would have received if the Department processed his claim correctly. *See Gallitzin Apparel Corp. v. Unemployment Comp. Bd. of Rev.*, 569 A.2d 392, 395 (Pa. Cmwlth. 1990) (citing *Colonial Taxi Co. v. Unemployment Comp. Bd. of Rev.*, 479 A.2d 96 (Pa. Cmwlth. 1984)) ("An appellate court will not disturb a decision of the Board on the basis of an error which is harmless. The burden is on the petitioner to affirmatively show that the alleged error resulted in prejudice and had a material effect on the outcome of the case."). The Board's order explains that Claimant "has a non-fault overpayment of $11 . . . which is subject to recoupment," but it does not require recoupment of the entire amount of UC benefits Claimant received for the week ending February 6, 2021. C.R., Item No. 10, Board's Order, 8/26/21.

It is important to emphasize that Section 804 of the Law distinguishes between fault and non-fault overpayments. *See* 43 P.S. § 874. In a fault overpayment, a claimant must pay back the amount of the overpayment along with interest. 43 P.S. § 874(a). In a non-fault overpayment, the Department may only deduct the amount of the overpayment from a claimant's future UC benefits. 43 P.S. § 874(b)(1). Even this has its limits, as the Law caps the amount of a deduction when an overpayment exceeds $100 and may even apply a credit toward or excuse an overpayment in certain circumstances. 43 P.S. § 874(b)(1)(i)-(iii). Since the Board's order imposed a non-fault overpayment here, it does not make Claimant "pay for the Department's error" as he alleges. Claimant's Br. at 10. The order merely makes Claimant whole by directing that he will not receive $11 in the future, as he had already received $11 to which he was not entitled. Given that the overpayment was so small, the Department could likely recoup the entire amount in a single payment. *See* 43 P.S. § 874(b)(1)(i). The Law therefore contemplates that mistakes can happen, and that claimants should not be penalized when they receive excess UC benefits through no fault of their own.

### III. Conclusion

Accordingly, we discern no basis to disturb the Board's decision and affirm the August 26, 2021 order.

_____
STACY WALLACE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Snak,                                          :
                         Petitioner                  :
                                                     :
          v.                                         :     No. 1034 C.D. 2021
                                                     :
Unemployment Compensation                            :
Board of Review,                                     :
                         Respondent                  :

# **O R D E R**

      **AND NOW**, this 5th day of August, 2022, the August 26, 2021 order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____
STACY WALLACE, Judge