Craig Dongilli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 18, 1984, to Judges MacPhail, Barry and Colins, sitting as a panel of three.

*Richard R. Victoria, Caruso and Victoria,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, December 5, 1984:

Craig Dongilli (claimant) appeals a decision of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying benefits. The denial of compensation was predicated upon claimant's self-employment as specified by Section 402(h) of the Unemployment Compensation Law (Law).[1]

Claimant had been employed by Consolidation Coal Company as a coal miner for approximately ten years until being laid off on September 30, 1982. On April 26, 1982 he had purchased a bar/restaurant known as the "River Road Inn". While being employed full time by Consolidation Coal Company, claimant also worked at his bar four to five hours a day, Monday through Friday, and eight to ten hours on Saturday plus additional hours on Sunday.

Since his layoff, claimant has been spending eight to ten hours per day working in the bar, thereby doubling the time dedicated to his former part-time self-employment. In addition, he continues to work

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. §802(h).

Saturdays and Sundays as he did when he was a coal miner.

It is axiomatic that our scope of review is limited to a determination of whether there is substantial evidence in the record to support the fact-findings or whether an error of law has been committed. *Neff v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 296, 407 A.2d 936 (1979).

Section 402(h) of the Law, 43 P.S. §802(h), provides in relevant part:

> An employee shall be ineligible for compensation for any week in which he is engaged in self-employment: Provided, however, that an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. . . .

If all of the following conditions are met, the claimant will not be disqualified under Section 402(h): (1) The self-employment activity precedes valid separation from full-time work; (2) it continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. *Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976).

In the matter sub judice, the claimant has not met the second condition set out in the *Parente* case. He

has greatly increased the amount of time expended in his business. If the claimant devotes more time to the sideline activity after the lay-off than before, a substantial change has occurred. *Higgins v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 509, 405 A.2d 1024 (1979).

In *Quinn v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 172, 446 A.2d 714 (1982), this Court found that an increase from four hours each evening and ten hours on Saturday before being laid off, to ten hours a day, six days a week after being laid off, is a substantial change that will disqualify claimant from collecting benefits.

The findings of fact, as adopted by the Board, are supported by substantial evidence. Accordingly, we must affirm the Board.

ORDER

AND Now, December 5, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.