506 A.2d 994

Calvin G. Hanley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 11, 1985, to President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Michael F. Flannery, Cottom, Hoffert* & *Gring,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 20, 1986:

Calvin G. Hanley (Claimant) appeals from three orders of the Unemployment Compensation Board of Review (Board) which disallowed the payment of benefits to Claimant, pursuant to Section 401(c) of the Unemployment Compensation Law[1] (Law), and which required the recoupment of benefits already paid to Claimant, according to the provisions of Section 804(a) of the Law.[2] We reverse.

Claimant was last employed by Eisenhower Imports as a salesman, until his last day of work in August of 1981. After being separated from his employment under conditions which were not disqualifying, Claimant filed an application for benefits with an effective date of August 16, 1981. Thereafter, Claimant received benefits from the week ending August 22, 1981 until March 13, 1982; he received extended benefits from the week ending March 20, 1982 until May 15, 1982; and he received additional extended benefits from the week ending September 25, 1982 until February 19, 1983.

In the latter part of 1982, the Office of Employment Security (OES) received anonymous information that Claimant was operating a convenience store known as Miller's Mini Mart. Upon investigation, it was learned that, on February 28, 1981, Claimant had filed an em-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(c).

[2] 43 P.S. §874(a).

ployer's initial statement with the Field Accounting Service of OES in which he indicated that he was the sole owner of Miller's Mini Mart. As the owner of this business, Claimant filed quarterly reports for unemployment compensation and paid unemployment tax.

Claimant purchased the store on December 9, 1980, and the business and all licenses are in his name. Claimant did not report the business when making his application for benefits, however, because he didn't believe he was "really doing anything." The store was operating at a loss, Claimant was not taking any wage or salary, Claimant's wife and children did most of the work, and Claimant had not increased his activity at the store after his separation from employment with Eisenhower Imports. Presently, Claimant spends four to five hours per week working for the store by helping to close up in the evening, making deposits, and keeping the books.

OES disallowed the payment of benefits to Claimant on the grounds that he was self-employed, under the provisions of Section 402(h) of the Law,[3] and that he had failed to comply with the reporting requirements of Section 401(c). OES also determined that Claimant was in receipt of a fault overpayment, which was subject to recoupment pursuant to Section 804(a).

After an unemployment compensation hearing, the referee determined that Claimant was not ineligible for benefits under Section 402(h), because Claimant's work in behalf of his business was merely a sideline activity which did not meet the prerequisites for "self-employment" as specified in that section. Because Claimant did not report his ownership of the store when applying for benefits, however, the referee concluded that Claimant was not entitled to benefits by

---

[3] 43 P.S. §802(h).

reason of his failure to disclose information he was required to report under Section 401(c). Accordingly, the referee held that, pursuant to Section 804(a), the fault overpayment made to Claimant was subject to recoupment. Thereafter, the Board affirmed the orders issued by the referee.

On appeal to this Court, Claimant argues one ground for reversal, namely that the referee and the Board erred, as a matter of law, by holding Claimant to be in violation of Section 401(c), despite the fact that the information which Claimant failed to report had no effect on his eligibility for benefits.

We begin by noting that the information withheld by Claimant, had it been disclosed to OES, would not have adversely affected Claimant's eligibility for benefits. Section 402(h) provides, in relevant part, that:

> An employe shall be ineligible for compensation for any week in which he is engaged in self-employment: Provided, however, that an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. . . .

Accordingly, this Court has recognized that a claimant will be deemed not engaged in self-employment, and will not be disqualified under Section 402(h), if the following conditions are met: (1) the self-employment activity precedes valid separation from full-time work; (2) it continues without substantial change after separa-

tion; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. *Dongilli v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 284, 484 A.2d 857 (1984). In the case at bar, the referee and the Board determined that Claimant's ownership of his store satisfied the above-mentioned criteria, and that Claimant is therefore not self-employed.

Nonetheless, the Board urges us to find that Claimant's failure to report his ownership of the store renders him ineligible for benefits under Section 401(c), which provides that an eligible claimant is one who "[h]as made a valid application for benefits . . . and has made a claim for compensation in the proper manner and on the form prescribed by the department." We determine that such a result would be contrary to the statute and to our case law.

Recently, this Court explained that concealment by a claimant of earnings from employment results in a loss of eligibility under Section 401(c), because the claim has not been made "in the proper manner." *Smith v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 511, 500 A.2d 186 (1985). This rule is grounded upon the rationale that a claimant seeking unemployment compensation benefits is required to divulge to OES all *pertinent* information regarding the claimant's employment status. *Amspacher v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984). Such information is required so that OES may make an intelligent and informed determination as to the Claimant's eligibility for benefits and an accurate computation of a weekly benefit rate and partial benefit credit. *Id.*

Accordingly, in order for information to be pertinent and material to an OES investigation, it is apparent that

the information must somehow affect either a claimant's eligibility for benefits or the amount of benefits to which the claimant is entitled. It follows that, if information does not affect a claimant's eligibility or the amount of his benefits, then the information is not material, and a claimant's failure to report such non-material information cannot be used as a ground for his disqualification.[4]

In the instant proceeding, the Board found that Claimant was involved in a sideline activity which, under Section 402(h), was not disqualifying self-employment and which did not generate income for Claimant. By failing to report his sideline activity, Claimant did not thereby violate the requirement that he report to OES all material information.[5] Therefore, it

_____

[4] This position is consistent with the pronouncement of the Supreme Court of Pennsylvania in *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981), regarding the liberal and broad construction to be accorded to the benefit sections of the Law, so as to best effectuate the Law's remedial and humanitarian purpose. Therein, our Supreme Court stated that, "[i]n determining whether a disqualification is appropriate, the test is not whether the claimant has taken himself out of the scope of the [Law] but whether *the [Law] specifically excludes him from its provisions. Id*. at 625, 437 A.2d at 1215 (emphasis in original, citation omitted). As the test relates to the situation presented in the case at bar, if the information which a claimant fails to disclose would not otherwise affect the claimant's rights under the Law, then this Court will not infer that the claimant has failed to apply for benefits "in the proper manner," in violation of Section 401(c).

[5] *See Colello v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 354, 492 A.2d 769 (1985), wherein this Court held that a claimant's unreported ownership interest in a cafe was a business investment, which did not affect the claimant's right to benefits under the Law, rather than disqualifying employment, and that, therefore, the claimant's failure to reveal his ownership interest was not a violation of his reporting requirements.

was error to deny benefits to Claimant for the weeks at issue on the grounds that he withheld material information from OES when filing his claim for such weeks. Moreover, since we have determined that the Board erred by disallowing the benefits paid to Claimant, it follows that there was no overpayment, and no cause for recoupment in this case.

Accordingly, we reverse the orders of the Board.

## ORDER

AND NOW, March 20, 1986, the orders of the Unemployment Compensation Board of Review at B-219246, B-219247, and B-219248, dated June 27, 1983, are reversed.

Judge MACPHAIL dissents.