522 A.2d 1160

Caroline C. LaSalle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Edward A. Mihalik,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, with him, *James K. Bradley,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 19, 1987:

Caroline C. LaSalle (Claimant) petitions for our review of a decision by the Unemployment Compensation Board of Review (Board) which affirmed a referee's ruling that Claimant is ineligible for benefits under Sections 401(c) (reporting requirements) and 402(h) (self-employment) of the Unemployment Compensation Law (Law),[1] 43 P.S. §§801(c), 802(h). Claimant was also held to be liable for a fault overpayment pursuant to Section 804(a) of the Law, 43 P.S. §874(a).

Claimant was employed by the Office of Employment Security (OES) as an Intermittent Intake Interviewer from March, 1982 through April 29, 1984 when she was laid off due to lack of work. She thereafter applied for and received unemployment compensation benefits. Following receipt of a complaint regarding Claimant's approval for benefits, Claimant was interviewed by OES on May 14, 1984 and disclosed that she has a real estate broker's license and is the sole proprietor of LaSalle Real Estate. Claimant further stated that her business was started in 1975 but has been

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

inactive since 1980, although not officially out of business. Claimant has alleged throughout these proceedings that she has sold no real estate since 1980.

The referee found, following a hearing, that Claimant had intentionally withheld information regarding her actual relationship with LaSalle Real Estate so as not to jeopardize her claim for benefits. The referee made the following pertinent fact findings:

10. Claimant's real estate broker's license was never placed in an inactive status and LaSalle Real Estate did not go out of business or become inactive in December, 1980 but said business continues to have a telephone which is listed in the telephone directory, has a telephone answering machine, and has a [sic] office in a building owned by claimant and her husband.

11. Claimant had and continues to file a schedule C, self employment income with her United States Income Tax Returns and on her 1983 schedule C she listed both income and expenses for LaSalle Real Estate.

12. In fact, claimant claimed a loss of $13,694.61 for LaSalle Real Estate in her 1983 schedule C report and she and her husband offset this loss from their other income in their joint form 1040 1983 U.S. Income Tax Return.

Based on what the referee found to be an intentional withholding of material information, he concluded that Claimant had violated Section 401(c) of the Law, which provides that an eligible claimant is one who "[h]as made a valid application for benefits . . . and has made a claim for compensation in the proper manner and on the form prescribed by the department." The referee further concluded that Claimant was engaged in self-employment during the compensation period at issue and, thus, was ineligible under Section 402(h) of the

Law. Finally, the referee concluded that Claimant was liable for a fault overpayment equal to the total amount of the benefits she had received since it was her intentional withholding of material information which led to her improper receipt of those benefits. The board affirmed the referee's decision, and the instant appeal followed.

We will first address the issue of whether the Board and referee correctly concluded that Claimant is self-employed. Claimant contends that LaSalle Real Estate constitutes, at most, a sideline activity which does not render her ineligible for benefits. In accordance with the specific language of Section 402(h) of the Law,[2] this Court has recognized that a claimant may not be disqualified due to self-employment if the following four conditions are satisfied: (1) the self-employment activity precedes valid separation from full-time work; (2) it continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. *Dongilli v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 284, 484 A.2d 849 (1984).

---

[2] Section 402(h) provides, in pertinent part, that an employee is ineligible for compensation for any week:

In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

Accepting the referee's findings that Claimant's business remains active and has apparently been in continuous operation since 1975, we must analyze whether Claimant's business satisfies the four conditions necessary to qualify as a sideline activity under Section 402(h). First, the referee's findings establish that Claimant's real estate business preceded her valid separation from employment and it is undisputed that Claimant remains available for full-time work. Moreover, there is no record evidence to indicate that Claimant's real estate activity has increased since her work separation. In fact, such activity may have diminished or ceased altogether since the Board concedes that during the claim weeks here at issue "there was no income generated [and] . . . Claimant did not actively participate in the operation of the business." Board's brief at 18. The only record evidence of income from Claimant's business is the reference to income in the amount of $4,375 listed on Claimant's 1983 United States Income Tax Return. Claimant contends that that income represents rental income received from the leasing of office space previously occupied by LaSalle Real Estate. In any event, the 1983 income would have accrued *during* the time Claimant was employed by OES. There is no evidence of *any* income to the business during the claim period here at issue. Finally, there is nothing in the record to indicate that Claimant's real estate business constitutes the primary source of her income. Thus, any continuing real estate business pursued by Claimant must, under the record before this Court, be deemed a nondisqualifying sideline activity. We, accordingly, find no violation of Section 402(h) and reverse the Board's ruling to the contrary.[3]

_____

[3] The Board has suggested that a remand may be in order regarding whether Claimant's business constitutes a sideline activity since the referee failed to make specific findings on the four

Having concluded that Claimant was engaged in a sideline activity, we must now determine whether her failure to disclose that activity to OES renders her ineligible for benefits under Section 401(c) of the Law. In this regard, we conclude that our recent decision in *Hanley v. Unemployment Compensation Board of Review,* 96 Pa. Commonwealth Ct. 105, 506 A.2d 994 (1986), *petition for allowance of appeal denied,* October 29, 1986, is controlling. In *Hanley* we determined that a sideline activity which does not generate income need not be reported to OES. The basis for our ruling was that information regarding what is clearly a sideline activity and which does not result in earnings to a claimant is neither pertinent nor material to a determination of eligibility. Thus, the failure to report such information cannot itself form an independent basis for ineligibility under the Section 401(c) requirement that claims be filed "in the proper manner."

Likewise, in the instant case, we have determined that Claimant is engaged in a sideline activity. Moreover, there is no evidence that this sideline activity has resulted in any earnings for Claimant during the claim period here at issue. Claimant has steadfastly maintained that she has sold no real estate since 1980 and the Board apparently concedes that she at least has had no earnings from the business since her valid separation from employment. Thus, as in *Hanley,* we are presented with a situation where the unemployment compensation authorities urge us to affirm a finding of ineligibility

conditions set forth in Section 402(h). We do not think a remand is required, however, since the record evidence could only support the conclusion that Claimant is engaged in a sideline activity. The burden, of course, is Claimant's to demonstrate that her activity qualifies as a sideline, *Voltz v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 93, 476 A.2d 492 (1984); and we believe she has met that burden.

based solely on a claimant's failure to disclose information which has no effect on that claimant's eligibility under the Law. This we decline to do. As our Supreme Court stated in *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 625, 437 A.2d 1213, 1215 (1981), "an unemployed worker can be denied benefits only by *explicit* language in the Act which clearly and plainly excludes that worker from its coverage." (Emphasis in original.)

The Board urges that our result leaves in the hands of claimants the initial decision regarding whether self-employment must be reported or whether it constitutes a nondisqualifying sideline activity which need not be disclosed. While we certainly recognize the need for disclosure of information sufficient to enable OES to render intelligent and informed eligibility determinations, *Amspacher v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 447, 479 A.2d 688 (1984), we may not declare a claimant ineligible under Section 401(c) for failing to disclose information regarding a non-income generating sideline activity which consequently does not have any effect on eligibility.

The Board further urges that our decision in *Hanley*, and consequently our decision reached in the instant matter, conflicts with a prior decision of this Court in *Smith v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 511, 500 A.2d 186 (1985), *petition for allowance of appeal denied*, October 29, 1986, wherein we found a violation of Section 401(c) based on a claimant's failure to report part-time earnings. We do not consider these two decisions to be in conflict. In *Smith*, we noted the affirmative duty on the part of the claimant to report *all* earnings from employment. It was the breach of this duty to disclose which led to our conclusion that the claimant was ineligible for

benefits under Section 401(c). Moreover, we concluded that once having determined ineligibility under Section 401(c), the extent of the claimant's liability for fault overpayments did not depend on whether the amount of earnings involved was less than or greater than the partial benefit credit. The ineligibility, being based on the failure to report *any* earnings, was total for the week in question regardless of the amount of earnings involved in a particular case.

In the instant case there were no earnings to be reported under the *Smith* analysis and Claimant, under *Hanley*, has breached no duty to report her sideline activity. Thus, ineligibility cannot be based on Section 401(c) and we, accordingly, conclude that Claimant has not violated the reporting requirements of that section. Moreover, since we have determined that the Board erred in disallowing the compensation paid to Claimant, we must also reverse its finding of a fault overpayment under Section 804(a) of the Law.[4]

Order reversed.

## ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

---

[4] The referee's finding of "fault" was based on his decision that Claimant has intentionally withheld information so as not to adversely affect her claim for compensation. While Claimant, of course, disputes this characterization of her intent, we think that the issue regarding intent is irrelevant where, as here, it is determined that no overpayment has occurred.