648 A.2d 1311

**Henry O'HARA, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 5, 1994.

Decided Sept. 28, 1994.

Arthur L. Gutkin, for petitioner.

Sarah Yerger–Nauss, Asst. Counsel and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant Henry O'Hara petitions for review of the December 21, 1993 order of the Unemployment Compensation Board of Review (Board), in which the Board affirmed the decision of Referee Richard Gallagher who found Claimant to be ineligible for benefits because of his self-employment as a sole practitioner attorney. The Referee and Board also found Claimant to be liable, by reason of his fault, to repay to the Unemployment Compensation fund the sum of $6,240.

Initially, the issues before us were whether the record supported determinations under the Unemployment Compen-

sation Law (the Law):[1] 1) that Claimant's unprofitable private practice disqualified him from receiving benefits; and 2) that Claimant's failure to report income from his practice justified a finding of a fault overpayment.[2] We affirm the Board's determination that Claimant was ineligible for benefits due to his self-employment. Because, however, the Board, as appellee, now concedes that Claimant is not liable for a fault overpayment under section 804(a) of the Law, we reverse the Board's order directing recoupment under that section and hold that any recovery of benefits for the weeks in question shall be under the no-fault provisions of § 804(b).

### Facts

The Referee found the facts as follows. Claimant, a lawyer, received his law degree in 1981. He worked as an Assistant District Attorney from 1982 to 1985. While working for the District Attorney's office, Claimant maintained a part-time civil litigation practice. In 1985, Claimant joined a law firm as a salaried employee. Claimant continued to do court appointments and arbitration work.

In 1987, Claimant joined the law firm of Gultanoff & Lynch where he worked until September 1990. In addition to his salary, Claimant received referral fees from the firm. Claimant represented the firm's clients, including those individuals whom Claimant had referred to the firm. Claimant also received arbitration and court appointment fees while working for the firm. Claimant reported these fees on a "Schedule C" income tax form. When Claimant left Gultanoff & Lynch, several of the firm's clients decided to remain with Claimant.

From October 1990 to late November 1990, Claimant performed temporary work for another law firm. By mid-January 1991, Claimant had acquired office space and began adver-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §§ 751–914.

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the findings of fact are supported by substantial evidence. *Dingbat's v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 73, 552 A.2d 1157 (1989).

tising in a local newspaper. From approximately December 8, 1990 to June 8, 1991, Claimant's gross receipts from his lawyering activities totalled approximately $10,417.67, including $720.00 in payments for court appointments. Claimant's expenses during that time totalled approximately $11,633.21. Claimant spent approximately two and one-half to three hours per day on his law practice during this time.

Claimant received a total of $6,240.00 in unemployment compensation for January 5, 1991 through June 8, 1991. During this period, on mail claim forms, which requested "all earnings" and "gross pay," Claimant reported only the fees he had received for the court appointments. After June 8, 1991, Claimant stopped applying for benefits.

The Referee determined that during the weeks in question, Claimant was self-employed as an attorney. Finding that Claimant "did not have any side line employment while working with the firm of Gultanoff and Lynch," the Referee rejected Claimant's contention that his later lawyering activities during the weeks in question were a non-disqualifying continuing sideline employment. (Referee's October 6, 1993 opinion at 3). Therefore, the Referee held that Claimant was not entitled to the unemployment compensation benefits which he had received during that period. The Referee also found that Claimant had intentionally failed to report his earnings and the hours he had worked in his practice during this time. Therefore, the Referee assessed Claimant with $6,240.00 as a fault overpayment.

In a brief order, the Board affirmed.

On appeal to this Court, Claimant argues that substantial evidence in the record shows that his practice was a continuing, non-disqualifying sideline employment. Further, Claimant contends that, because he did not perceive his practice as self-employment, he cannot be held liable for a fault overpayment. Additionally, Claimant contends that, because he lost income in his practice, he reasonably concluded that gross income was not reportable.

The Board argues that substantial record evidence shows that Claimant's independent practice disqualified him from receiving benefits because, in addition to advertising and renting office space, Claimant devoted more time to his independent practice, obtained clients, and increased his caseload after leaving his former employer. Further, the Board argues that unemployment compensation is not designed to subsidize the early stages of a business venture. The Board does now concede, as follows, that Claimant is not liable for a fault overpayment:

> As to Claimant's argument that he should not be liable for a fault overpayment, after a review of the current case law, the Board concedes that the overpayment should be recouped as a non-fault overpayment. *See LaSalle v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 16, 522 A.2d 1160 (1987).

(Board's brief at 13, fn. 2.)

## Discussion

### I. Ineligibility for Benefits

 Under Section 402(h) of the Law,[3] this court has recognized that an employee who engages in self-employment is ineligible for benefits unless 1) the self-employment began prior to the termination of the employee's full-time employment; 2) the self-employment continued without substantial change after the termination; 3) the employee remained available for full-time employment; and 4) the self-employment was not the primary source of the employee's livelihood. *FSI*

---

**3.** Section 402(h) specifically provides that an employee shall be ineligible for compensation for any week:

> [i]n which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood....

43 P.S. § 802(h).

*Trading Co. v. Unemployment Compensation Board of Review,* 156 Pa.Commonwealth Ct. 343, 627 A.2d 270 (1993). The claimant bears the burden of showing that his activity is non-disqualifying under Section 402(h). *LaSalle v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 16, 522 A.2d 1160 (1987).

■ Claimant does not dispute that he was self-employed as a lawyer. Rather, Claimant contends that his law practice was non-disqualifying under Section 402(h). Applying the four-part test outlined in Section 402(h) to the facts of this case, we believe that the Referee and Board properly found that Claimant was ineligible for the benefits which he received.

Specifically, Claimant did not establish that his self-employment continued without substantial change after his departure from Gultanoff & Lynch. Claimant's own testimony reveals that while at Gultanoff & Lynch, Claimant brought clients to the firm, for which he received a commission (one-third of the fees earned by the firm from those clients.) (Hearing of May 12, 1993, N.T. at 24–25.) The record shows that, at most, Claimant's *independent* practice, at that time, consisted of court appointments and arbitrations. However, Claimant testified that after he left Gultanoff & Lynch, "the vast majority" of the clients in his independent practice consisted of clients who had previously been clients of Gultanoff & Lynch. (*Id.* at 37). We conclude, therefore, that the Referee properly found that, during the weeks in which he received benefits, Claimant was engaged in disqualifying self-employment and was not merely continuing a sideline employment without substantial change.

■ Although the Referee found that Claimant's expenses exceeded his gross income during the weeks in question, Claimant's self-employment alone, regardless of whether he earned a profit therefrom, is disqualifying under the Law.

*Unemployment Compensation Board of Review v. Kessler*, 27 Pa.Commonwealth Ct. 1, 365 A.2d 459 (1976).[4]

## II. Fault Overpayment

Under Section 804(a) of the Law, any person who, "by reason of his fault," obtains compensation to which he was not entitled, shall be liable to repay an equivalent amount, plus interest, to the Unemployment Compensation Fund. 43 P.S. § 874(a). The Board now concedes that pursuant to *LaSalle,* this is not a fault case and that an order creating liability under § 804(a) for "a sum equal to the amount so received by him and interest" is not appropriate. *See also FSI Trading Co.* ·

Therefore, we will reverse those parts of the Board's and Referee's orders which direct recoupment under § 804(a). We hold that any recovery of benefits for the weeks in question shall be pursuant to the provisions of § 804(*b*)(1) of the Law, which provides in part as follows:

Any person who other than by reason of his fault has received with respect to a benefit year any sum as compen-

---

**4.** Because we hold that Claimant was disqualified because of his self-employment, we need not decide whether the Referee's determination, that Claimant's failure to report "all earnings" and "gross pay" on his mail claim forms can serve as an independent basis for his disqualification from benefits. We note that Section 401(c) of the Law requires the employee to make a claim for compensation "in the proper manner and on the form prescribed by the department." 43 P.S. § 801(c). If, however, "the information which a claimant fails to disclose would not otherwise affect the claimant's rights under the Law, then this Court will not necessarily infer that the Claimant has failed to apply for benefits 'in the proper manner,' in violation of Section 401(c)." *Hanley v. Commonwealth, Unemployment Compensation Board of Review,* 96 Pa.Commonwealth Ct. 105, 506 A.2d 994 (1986). Although *Hanley,* which was followed by *LaSalle,* involved a claimant's failure to report a non-income generating sideline activity, we find no necessity to decide whether Claimant, in our case, is ineligible for benefits *solely* on the grounds that he failed to report "all earnings" or "gross pay" when his net income reflected a loss. We note that, in contrast, where we have held a claimant ineligible for failing to report income in the proper manner, the claimant has experienced an actual gain. *See, e.g., Smith v. Unemployment Compensation Board of Review,* 92 Pa.Commonwealth Ct. 511, 500 A.2d 186 (1985) (Concealment of earnings from Army Reserve).

sation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation ... [as provided in section 804].

43 P.S. § 874(b)(1).

Accordingly, we affirm in part and reverse in part.

## ORDER

AND NOW, this 28th day of September, 1994, the order of the Unemployment Compensation Board of Review dated December 21, 1993 at No. B–320573 is affirmed with respect to the denial of benefits for the weeks ending 1/5/91 through 6/8/91 and reversed as to the recoupment of overpayment of $6,240 under Section 804(a) of the Unemployment Compensation Law.