**Thomas C. CHISHKO, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2007.

Decided Oct. 15, 2007.

William F. Askin, Pittsburgh, for petitioner.

Paul R. Jordan, Asst. Counsel, and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Thomas Chishko (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) holding Claimant ineligible for unemployment compensation benefits he received in 2005 and ordering recoupment of those benefits. In doing so, the Board reversed the decision of a Referee. In this case, we consider whether the Board erred in concluding that Claimant submitted an improper application for benefits. We also consider whether the Board properly subjected Claimant to a fault overpayment recoupment and penalties. Finding no error by the Board, we affirm.

In June 2005, Claimant applied to the Indiana UC Service Center for benefits under the Unemployment Compensation Law (Law).[1] Claimant received $4302 in unemployment compensation benefits for the 15 claim weeks from October 8, 2005, through January 14, 2006. During this time period, Claimant entered into an oral agreement with Sue Woodward to renovate a house for resale. Under the terms of their agreement, Woodward was to pay for all materials and supplies, and Claimant was to do the actual renovations for which he was to receive $700 per month. Claimant and Woodward also agreed to split the profit from the sale of the renovated house. Claimant did not report this construction work to the UC Service Center.

Eventually, the relationship between Claimant and Woodward soured. Claimant filed a civil suit against Woodward and requested a mechanic's lien against the property and improvements "for the payment of a debt due [C]laimant as contractor for labor and services furnished by [C]laimant in the alteration and repair of the improvements." Board Opinion at 2; Finding of Fact No. 17 (F.F.——). An anonymous tipster informed the Department that Claimant was employed while he was also collecting unemployment benefits. In response to the anonymous tip, the Department conducted an investigation.

On September 19, 2006, the UC Service Center issued a Notice of Determination, finding Claimant to be ineligible for the benefits he had received because he had been employed during the weeks he claimed to be unemployed. As a result, the UC Service Center determined Claimant was overpaid benefits in the amount of $4,302. The UC Service Center also issued a Notice of Penalty Weeks Determination finding that Claimant had knowingly failed to disclose his employment and subjecting him to an additional seventeen-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

week period of disqualification pursuant to Section 801(b) of the Law, 43 P.S. § 871(b).[2] Claimant appealed.

At a hearing before a Referee, Claimant testified that Woodward paid him $700 per month so he could purchase supplies, such as gasoline, gloves, face masks and clothing suitable for asbestos removal. Claimant testified that he did not report this work to the UC Service Center because he "never received payment for the work." Notes of Testimony, November 8, 2006, at 14 (N.T. ——); Reproduced Record at 17a (R.R. ——). Woodward disputed Claimant's account. Woodward testified that she paid for Claimant's materials and expenses and established an account at Lowe's for Claimant to use for that purpose. According to Woodward, the monthly $700 payment was intended "to give [Claimant] an income so he could work" and that "he worked and he was paid for work." N.T. 19, 20; R.R. 22a, 23a.

The Referee found, as fact, that Claimant was not employed by Woodward because he had received no wages or remuneration. The Referee stated that there was conflicting testimony at the hearing and, as fact finder, he resolved all conflicts in Claimant's favor. The Referee further stated that "[C]laimant's services involved in [renovating] a house is not services in employment or even considered any type of employer/employee relationship but more in the line of any other type of investment venture." Referee's Decision at 2. The Referee reversed the UC Service Center's decision and granted benefits. The Bureau of UC Benefits and Allowances appealed to the Board.

On appeal, the Board found, as fact, that the $700 Claimant received from Woodward every month represented wages, not reimbursement for project expenses. The Board noted that Claimant's mechanic's lien was "for the payment of a debt due [C]laimant as contractor for labor and services furnished by [C]laimant in the alteration and repair of the improvements." Board Adjudication at 2; F.F. 17. The Board also found, based on Claimant's own testimony, that he spent a total of 996 hours working on the project, or an average of 55 hours per week. *Id.;* F.F. 13–14.

Based on the foregoing findings, the Board reversed the determination of the Referee and disallowed benefits. The Board first held that Claimant was ineligible for the benefits he received pursuant to Section 401 of the Law, 43 P.S. § 801,[3]

2. Section 801(b) of the Law provides, in pertinent part, as follows:

Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act ... may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment[.] ... The penalty weeks herein provided for shall be imposed against any weeks with respect to which the claimant would otherwise be eligible for compensation, under the provisions of this act, which begin within the four year period following the end of the benefit year with respect to which the improper payment or payments occurred.
43 P.S. § 871(b).

3. Section 401 of the Law sets forth the fundamental threshold requirement that "[c]ompensation shall be payable to any employe who is or becomes *unemployed.*" 43 P.S. § 801 (emphasis added). "Unemployed" is defined in Section 4(u) of the Law as follows:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or pay-

because he was employed during the relevant time period, either as Woodward's employee or as an independent contractor. The Board also held that Claimant was retroactively disqualified from receiving benefits because he had failed to comply with the reporting requirements of Section 401(c) of the Law, 43 P.S. § 801(c). Additionally, the Board concluded that Claimant was in receipt of a fault overpayment of $4,302, which it ordered to be repaid. Finally, the Board assessed a seventeen-week period of disqualification from future unemployment compensation benefits based upon its determination that Claimant had deliberately misled the UC Service Center. Claimant now petitions this Court for review.

Before this Court,[4] Claimant argues, *inter alia,* that he did not submit an improper application for benefits because he had no duty to report his home renovation activities.[5] Claimant also contends that the Board erred in subjecting him to recoupment of a fault overpayment and a seventeen-week penalty period of disqualification.

■■■ We consider, first, the Board's determination that Claimant was ineligible for benefits because he failed to comply with the reporting requirements set forth in the Law. Section 401(c) of the Law provides that a claimant must make his "claim for compensation in the proper manner and on the form prescribed by the department." 43 P.S. § 801(c). In applying this provision, this Court has described a claimant's disclosure responsibilities as follows:

> *A claimant seeking unemployment compensation benefits is required to divulge to the OES [Office of Employment Security] all pertinent information regarding the claimant's employment status.* This information is required so that the OES may make an intelligent and informed determination as to the claimant's eligibility for benefits and computation of a weekly benefit rate and partial benefit credit. This requirement which is imposed upon claimants recognizes the Commonwealth's interest in unemployment compensation and assists in fulfilling the Commonwealth's duty to protect the unemployment compensation fund against dissipation by those not entitled to benefits under the law.

*Amspacher v. Unemployment Compensation Board of Review,* 84 Pa.Cmwlth. 447, 479 A.2d 688, 690–691 (1984) (emphasis added). In order for information to be pertinent and material to an OES investi-

able to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.
43 P.S. § 753(u).

4. This Court's scope of review is limited by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether errors of law were committed, constitutional rights have been violated, or findings of fact are supported by substantial evidence. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Murphy v. Department of Public Welfare,* White Haven Center, 85 Pa.Cmwlth. 23, 480 A.2d 382, 386 (1984). Where there is con-

flicting evidence of record, the Board is "the ultimate finder of fact with power to substitute its judgment for that of its referees." *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 270, 501 A.2d 1383, 1385 (1985).

5. Claimant also challenges the Board's alternative holding that he was either Woodward's employee or an independent contractor while he was collecting unemployment compensation benefits. We need not specifically address the nature of Claimant's employment status since we agree with the Board's determination that Claimant was ineligible for benefits because he omitted pertinent information from his application.

gation, "the information must somehow affect either a claimant's eligibility for benefits or the amount of benefits to which the claimant is entitled." *Hanley v. Unemployment Compensation Board of Review*, 96 Pa.Cmwlth. 105, 506 A.2d 994, 996 (1986). Where there is a failure to disclose material information, the "ineligibility is total, rather than dependent upon the relationship between the unreported amount and the partial benefit credit." *Smith v. Unemployment Compensation Board of Review*, 92 Pa.Cmwlth. 511, 500 A.2d 186, 190 (1985).

■ The evidence of record supports the Board's conclusion that Claimant omitted pertinent information from his application. Claimant admitted that he worked an average of 55 hours per week on the renovation project. He received $700 per month, which the Board found was not for project expenses since Woodward secured a line of credit at Lowe's for Claimant to purchase supplies. Claimant also expected to receive 50 percent of the profit generated by the sale of the house.[6] Claimant failed to disclose any of this relevant information when he applied for benefits during the relevant time period. Because this information would have affected either Claimant's eligibility for benefits or the amount of benefits to which he was entitled, the Board did not err in holding that Claimant failed to comply with Section 401(c).

Claimant argues, next, that the Board erred in its imposition of a fault overpayment. Claimant contends he was under no duty to report his home renovation activities and, therefore, he was not "at fault" when he collected $4,302 in benefits to which he was not entitled.

■ Section 804(a) of the Law, 43 P.S. § 874(a),[7] states that if a person receives unemployment benefits by reason of his fault, he will be responsible for repaying the amount received in error plus interest. The word "fault" within the meaning of Section 804(a) of the Law connotes "an act to which blame, censure, impropriety, shortcoming or culpability attaches...." *Kelly v. Unemployment Compensation Board of Review*, 840 A.2d 469, 473 (Pa.Cmwlth.2004). Conduct that is designed improperly and intentionally to mislead the unemployment compensation authorities is sufficient to establish a fault overpayment. *Id.* For example, an intentional misstatement on an application for benefits can support a finding of fault. *Matvey v. Unemployment Compensation Board of Review*, 109 Pa.Cmwlth. 591, 531 A.2d 840, 844 (1987). To find fault, the Board must make some findings with regard to a claimant's state of mind. *Kelly*, 840 A.2d at 473.

■ Here, the Board found Claimant "deliberately misled the Department" when he neglected to mention his home renovation activities, and rejected as not credible Claimant's testimony to the contrary. Board Opinion at 2; F.F. 19. The Board's findings regarding Claimant's state of mind are supported by substantial

---

6. The expectation of future benefits can constitute remuneration within the meaning of Section 4(u) of the Law, 43 P.S. § 753(u). *Kelly v. Unemployment Compensation Board of Review*, 840 A.2d 469, 472 (Pa.Cmwlth. 2004).

7. Section 804(a) provides,
   Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue.
   43 P.S. § 874(a).

evidence. First, Claimant filed a mechanic's lien against the property "for the payment of a debt due [C]laimant as contractor for labor and services furnished by [C]laimant in the alteration and repair of the improvements." *Id.;* F.F. 17. Second, Claimant testified that he understood that an individual applying for or collecting unemployment compensation benefits is obligated to inform the UC Service Center when he is "working for someone." N.T. 17; R.R. 20a. Based on the foregoing evidence, the Board did not err in concluding that Claimant's misstatements on his application for benefits were intentional and rendered him at fault for purposes of Section 804(a) of the Law.

■ Finally, Claimant challenges the Board's imposition of seventeen penalty weeks pursuant to Section 801(b) of the Law, 43 P.S. § 871(b).[8] Section 801(b) allows the Board to impose an additional penalty upon a claimant who has received benefits to which he was not entitled. The Board may disqualify the claimant with respect to *future* claims for benefits, for a penalty period of two weeks and one additional week for each current week of improper payment. Disqualification is authorized under Section 801(b) when an applicant "makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase" his unemployment compensation benefits. 43 P.S. § 871(b).

We have already affirmed the Board's findings that Claimant omitted material information from his application and that he deliberately misled the UC Service

Center in doing so. Thus, it follows that the Board did not err in concluding that Claimant knowingly failed to disclose a material fact in order to obtain or increase his benefits. Penalty weeks were appropriate.

For the foregoing reasons, we affirm the order of the Board.

### ORDER

AND NOW, this 15th day of October, 2007, the order of the Unemployment Compensation Board of Review, dated February 20, 2007, is hereby AFFIRMED.

---

**8.** Section 801(b) of the Law provides, in pertinent part,

> Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act or under an employment security law

may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment

43 P.S. § 871(b).