# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Famatta M. Gwee, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2429 C.D. 2014 |
| | : | No. 2437 C.D. 2014 |
| | : | Submitted: November 6, 2015 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  December 30, 2015**

Famatta M. Gwee (Claimant) petitions this Court for review of two December 2, 2014 orders of the Unemployment Compensation Board of Review (Board) dismissing her appeals as untimely pursuant to Section 502 of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822. Section 502 states, in pertinent part:

> [T[he parties and their attorneys or other representatives of record and the department shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board,

**(Footnote continued on next page…)**

On August 12, 2014, following hearings at which both Claimant and an unemployment compensation claims examiner testified, the Referee issued two decisions that affirmed and modified Notices of Determination mailed on July 11, 2014. (Certified Record (R.) Item 13, Referee's Decisions/Orders.) The Referee: (i) denied Claimant unemployment compensation benefits under Section 401(c) of the Law, 43 P.S. §801(c), for benefits paid for weeks ending July 6, 2013 through December 28, 2013,[2] imposed a fault overpayment under Section 804(a) of the Law, 43 P.S. §874(a), and assessed 28 penalty weeks under Section 801(b) of the Law, 43 P.S. §871(b); and (ii) denied Claimant emergency unemployment compensation benefits provided under the Emergency Unemployment Compensation Act of 2008[3] (EUC Act) for weeks ending January 7, 2012 through June 23, 2012, and January 5, 2013 through May 11, 2013, assessed a fraud overpayment under Section 4005(a) of the EUC Act in the amount of $11,213, and

---

**(continued…)**

> unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee…

43 P.S. §822.

[2] The referee determined that although Claimant was informed, prior to filing for benefits, by the PA UC Handbook to report all work and earnings, she filed for and received a total of $6,838 in unemployment benefits to which she was not entitled by consistently failing to report her employment with Multicultural Community Family Services-PA and earnings therefrom. (Record (R.) Item 13, Referee's Decision/Orders, Appeal No. 14-09-B-6897, Findings of Fact (F.F.) ¶¶3-4.)

[3] Title IV of the Supplemental Appropriations Act of 2008, P.L. 110-252, 122 Stat. 2323, Sections 4001-4007, 26 U.S.C. §3304.

assessed 46 penalty weeks under Section 801(b) of the Law and Section 4005(a)(1) of the EUC Act.[4] (*Id.*)

Also on August 12, 2014, a copy of each of the Referee's decisions was mailed to Claimant at her last known post office address, and there is no indication that either was returned by the postal authorities as undeliverable. (R. Item 16, Board's Decisions and Orders, F.F. ¶¶2, 4.) Each of the decisions included a notice advising Claimant that she had 15 days within which to file an appeal to the Board. (R. Item 13, Referee's Decisions/Orders.) Thus, in order to be timely, Claimant's appeals of the Referee's decisions had to be filed on or before August 27, 2014. (R. Item 16, Board's Decisions/Orders, F.F. ¶5.) However, Claimant's appeal was not filed until October 17, 2014.[5] (R. Item 14, Claimant's Petitions for Appeal from Referee's Decisions.) On October 28, 2014, the Board advised Claimant in writing that her petitions for appeal appeared to be untimely and informed her that, if she believed that her appeals were or should be deemed to be timely filed, she must reply in writing and request that a hearing be

---

[4]The Referee stated "[a]fter carefully reviewing the record, the Referee finds that Claimant improperly filed a claim for benefits. The record establishes that Claimant was aware of the reporting requirements both [from] the PA UC Handbook and secondly after speaking with a claims examiner instructing on how to file a claim for benefits." (R. Item 13, Referee's Decision/Orders, Appeal No. EUC-14-09-B-6914, Reasoning.)

[5]Claimant's Petitions for Appeal to the Board correctly recite the date of issuance of the Referee's Decisions/Orders as August 12, 2014 and correctly recite the final date for appeal of those decisions as August 27, 2014; however, the Petitions for Appeal also refer to a different appeal, identified as Appeal No. 14-09-B-8245, which is the appeal number assigned to an appeal, deemed untimely, not from a referee's determination but from Notices of Determination that were issued to Claimant on July 31, 2014. (R. Item 14, Claimant's Petitions for Appeal from Referee's Decisions w/Attachments; Attachment to Claimant's Brief at 13.)

3

held to set forth her reasons why she believed her appeals were timely filed. The Board's letter stated the following, in relevant part:

> If you believe that you filed your appeal within the fifteen (15) day period or that it should be deemed timely for other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. Please mail your request to the Board at the above letterhead address. Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.

(R. Item 15, Board's Letter on Timeliness) (emphasis in original.) Claimant failed to respond to the Board's letter, and on December 2, 2014, the Board issued two Decisions and Orders, each dismissing Claimant's appeals as untimely under Section 502 of the Law, 42 P.S. §822. (R. Item 16, Board's Decisions and Orders.) Claimant filed the instant petitions for review appealing the Board's orders to this Court.[6] By Order dated April 8, 2015, this Court granted the Board's motion to consolidate the appeals.

In these consolidated appeals, Claimant is represented by counsel. Claimant does not dispute that she failed to contact the Board to request a hearing. Instead, she contends that on August 22, 2014 she timely appealed the Referee's decisions. As purported proof, Claimant attaches to her brief a copy of a referee's decision in a separate appeal from Notices of Determination issued on July 31, 2014; there, the referee found that Claimant's appeal from those Notices of

---

[6] Our review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether errors of law were committed and whether constitutional rights were violated. *Chishko v. Unemployment Compensation Board of Review*, 934 A.2d 172, 176 n.4 (Pa. Cmwlth. 2007).

4

Determination was filed via fax on August 22, 2014, seven days after the final date to file, and was therefore untimely.[7] Further, and notwithstanding her contention before this Court that she filed a timely appeal from the Referee's decisions, Claimant also asserts that the Board erred in its determination that the Referee's decisions were properly mailed to her last known post office address. Claimant offers no proof other than to state that she moved to her present address at 32 Wellington Road, Upper Darby, Pennsylvania in October, 2013; however, both the Referee's decisions mailed August 12, 2014 and the Board's October 28, 2014 letter on timeliness were mailed to Claimant at 32 Wellington Road, Upper Darby, PA. (R. Item 13, R. Item 15.)

In short, Claimant offers no evidence whatsoever that she filed a timely appeal in the matter before us. Her assertion that she filed a timely appeal is entirely based on the information contained in a referee's October 6, 2014 decision and order that related solely to a different appeal, in which the referee determined that on August 22, 2014 Claimant filed a late appeal from a July 31, 2014 Notice of Determination.[8] Although Claimant's Petitions for Review correctly reference

---

[7] The Appeal Number referenced in the Referee's Decision/Order attached to Claimant's brief is 14-09-B-8245. In that matter, the referee noted that Claimant appeared before her and testified as to the timeliness of her appeal from notices of determination and the referee concluded that the claimant "offered several versions of testimony related to timeliness, specifically that she filed a timely appeal on July 12, 2014, that she did not receive the determinations because they were mailed to her old address, and finally she had issues with her mail. The Referee rejects the claimant's testimony at the hearing as not credible related to the issue of whether the claimant filed a timely appeal or was otherwise prevented from doing so." (Referee's Decision/Order dated October 6, 2014, Attachment to Claimant's Brief.)

[8] In its brief, the Board notes that it processed a timely appeal to the referee's October 6, 2014 decision in Appeal No. 14-09-B-8245 and states that it affirmed the referee in that matter. (Board's Brief at 8 n.7.)

the Board's decision numbers in the matter before us and the dates on which those decisions and orders were entered, Claimant's brief incorrectly recites as the "Order in Question" the text of the order issued by the referee on October 6, 2014 in the separate appeal that is not before this Court. (Claimant's Brief at 3.)

Section 502 of the Law specifically provides that "[t]he referee's decision, and the reasons therefore…shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision…" 43 P.S. §822. The referee's decision becomes final, and the Board does not have jurisdiction to consider the matter, if an appeal is not filed within the 15-day period. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). Section 101.61(a) of the regulations promulgated by the Department of Labor & Industry provides:

> (a) If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing. If no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.

34 Pa. Code §101.61(a). Further, "the Board is without jurisdiction to further consider the matter under [S]ection 502, and it is precluded from considering the facts underlying the timeliness of appeal unless they are adduced at a hearing on

6

that issue." *Han v. Unemployment Compensation Board of Review*, 42 A.3d 1155, 1158 (Pa. Cmwlth. 2012).

We conclude that the Board properly determined that Claimant failed to request a hearing to offer testimony as to why her appeals were timely or should be deemed timely, and that her appeals were properly dismissed. Moreover, given Claimant's reliance on a filing date from a separate and distinct appeal that is of no consequence in the matter before us, her assertion that she filed timely appeals is totally unsupported and without merit, and dismissal of her appeals as untimely is mandated. Accordingly, the Board's orders are affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

7

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Famatta M. Gwee, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2429 C.D. 2014 |
| | : | No. 2437 C.D. 2014 |
| | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 30th day of December, 2015, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge